UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG DAVIS,<br>Petitioner,<br>v.<br>WARDEN, FCI ATWATER SATELLITE CAMP,<br>Respondent. | Case No. 2:26-cv-2584-JDP (P)<br><br>ORDER |

Petitioner, a federal prisoner, brings this action under section 2241 in a combined petition and request for temporary restraining order. ECF No. 1. He also seeks to proceed *in forma pauperis*, ECF No. 2, and appointment of counsel, ECF No. 3. However, after review of the petition, I find that it seeks relief unavailable in a section 2241 action. I will give petitioner a chance to explain why, if at all, this action should proceed under this provision. I will delay ruling on his application to proceed in forma pauperis, as a *Bivens*[1] action carries a substantially higher filing fee.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner states that he has three claims for relief. First, he argues that prison officials violated his rights under the Religious Freedom Restoration Act by denying him a religious furlough to attend matters mandated by his Jewish faith. ECF No. 1 at 5-6. Second, he argues that the denial of the aforementioned furlough based on a procedurally deficient disciplinary matter violated his due process rights. *Id*. at 6. Finally, he claims that officials violated his Eighth Amendment rights by denying him a CPAP machine for six weeks. *Id.* None of these claims goes to "the fact or duration of petitioner's confinement." *See Chavez v. Becerra*, No. 1:25-cv-02058-KES-SAB-HC, 2026 U.S. Dist. LEXIS 44661, *6 (E.D. Cal. Mar. 3, 2026) ("A claim is cognizable in federal habeas corpus when a prisoner challenges the fact or duration of his confinement and seeks either immediate release from that confinement or the shortening of its duration.") (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (internal quotation marks omitted). Additionally, none of these claims is related to the execution of petitioner's sentence; the allegations appear to implicate only his conditions of confinement.

Instead, of recommending either dismissal of the petition or conversion into a civil rights action under *Bivens*, I will give petitioner a chance to address this issue.

Accordingly, it is ORDERED that, within thirty days of this order's entry, petitioner shall, in writing, address whether and why his claims are suitable to proceed in a section 2241 action. Alternatively, he may indicate his desire to convert this action into one proceeding under *Bivens*. His failure to respond to this order within the deadline will result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: August 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE